United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                         Case No. 14-18155-elf
Michael Leo Kasaczun                                           Chapter 13
Diane Marie Kasaczun
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4         User: admin              Page 1 of 2           Date Rcvd: Mar 13, 2020
                             Form ID: 3180W           Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 15, 2020.
db/jdb         Michael Leo Kasaczun,   Diane Marie Kasaczun,    4284 Indian Creek Road,
                 Emmaus, PA 18049-1836
smg           +Bureau of Audit and Enforcement,   City of Allentown,   435 Hamilton Street,
                 Allentown, PA 18101-1603
smg            City Treasurer,   Eighth and Washington Streets,   Reading, PA 19601
smg           +Dun & Bradstreet, INC,   3501 Corporate Pkwy,   P.O. Box 520,   Centre Valley, PA 18034-0520
smg           +Lehigh County Tax Claim Bureau,   17 South Seventh Street,   Allentown, PA 18101-2401
smg           +Tax Claim Bureau,   633 Court Street,   Second Floor,   Reading, PA 19601-4300
13468744      +Bank of America, N.A.,   P O Box 982284,   El Paso, TX 79998-2284
13425627      +Citizens Bank, N.A.,   f/k/a RBS Citizens, N.A.,   10561 Telegraph Road,
                 Glen Allen, VA 23059-4577
14441637       THE BANK OF NEW YORK MELLON,   FKA THE BANK OF NEW YORK, et al,   c/o Bank of America, N.A.,
                 P.O. Box 660933,   Dallas, TX 75266-0933
13440726       The Bank of New York Mellon,   Residential Credit Solutions, Inc.,   P. O. Box 163229,
                 Fort Worth TX 76161-3229

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 14 2020 03:43:41
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 14 2020 03:44:14     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13413163       E-mail/PDF: resurgentbknotifications@resurgent.com Mar 14 2020 03:38:36      CACH, LLC,
                 PO Box 10587,   Greenville SC 29603-0587
13486564      +E-mail/Text: bncmail@w-legal.com Mar 14 2020 03:44:08     CERASTES, LLC,
                 C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
13477105       EDI: BL-BECKET.COM Mar 14 2020 07:19:00      Capital One, N.A.,   c o Becket and Lee LLP,
                 POB 3001,   Malvern, PA 19355-0701
13403607      +E-mail/Text: bankruptcy@cavps.com Mar 14 2020 03:44:10     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
13405619       EDI: DISCOVER.COM Mar 14 2020 07:19:00      Discover Bank,   DB Servicing Corporation,
                 PO Box 3025,   New Albany, OH 43054-3025
13424065       EDI: CAUT.COM Mar 14 2020 07:18:00      JPMorgan Chase Bank, N.A.,
                 National Bankruptcy Department,   P.O. Box 29505 AZ1-1191,   Phoenix, AZ 85038-9505
13470729       EDI: PRA.COM Mar 14 2020 07:18:00      Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk VA 23541
13447636       EDI: Q3G.COM Mar 14 2020 07:18:00      Quantum3 Group LLC as agent for,   Comenity Bank,
                 PO Box 788,   Kirkland, WA 98083-0788
13420676       EDI: WFFC.COM Mar 14 2020 07:19:00      Wells Fargo Bank, N.A.,   P.O. Box 19657,
                 Irvine, CA 92623-9657
                                                                                                TOTAL: 11

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 12, 2020 at the address(es) listed below:
              KEVIN S. FRANKEL    on behalf of Creditor    Bayview Loan Servicing, LLC et. al. pa-bk@logs.com
              KRISTEN D. LITTLE    on behalf of Creditor    Residential Credit Solutions, Inc. pabk@logs.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com

```
District/off: 0313-4          User: admin              Page 2 of 2               Date Rcvd: Mar 13, 2020
                              Form ID: 3180W           Total Noticed: 21
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          LYNN E. FELDMAN   on behalf of Joint Debtor Diane Marie Kasaczun feldmanfiling@rcn.com
          LYNN E. FELDMAN   on behalf of Debtor Michael Leo Kasaczun feldmanfiling@rcn.com
          MARY F. KENNEDY   on behalf of Creditor   Citizens Bank, N.A. f/k/a RBS Citizens, N.A. mary@javardianlaw.com, angie.harrigan@javardianlaw.com
          REBECCA ANN SOLARZ   on behalf of Creditor   THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS  Et Al... bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)   ECFMail@ReadingCh13.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
                                                                                                                                   TOTAL: 9

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Michael Leo Kasaczun** | Social Security number or ITIN **xxx–xx–9350** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Diane Marie Kasaczun** | Social Security number or ITIN **xxx–xx–2201** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **14–18155–elf** | | |

# Order of Discharge                                                                                                             12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Michael Leo Kasaczun                                                     Diane Marie Kasaczun

<u>3/12/20</u>                                               **By the court:**    <u>Eric L. Frank</u>
                                                                                                    United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

---

Form 3180W                                              **Chapter 13 Discharge**                                              page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**